UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S. URMANCHEEV,<br>#A075117610,<br><br>                          Plaintiff,<br><br>v.<br><br>UNITED STATES; MERRICK GARLAND; ALEJANDRO MAYORKAS; DEP'T OF HOMELAND SECURITY; and ICE OFFICERS,<br><br>                          Defendants. | Case No.:  22-CV-1039 JLS (MDD)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**<br><br>(ECF Nos. 1 & 2) |

     Plaintiff A.S. Urmancheev ("Plaintiff"), detained at the Otay Mesa Detention Center ("Otay Mesa") in San Diego, California, and proceeding pro se, has filed a Complaint pursuant to the Administrative Procedures Act ("APA"); the Federal Tort Claims Act ("FTCA"); the Immigration and Naturalization Act ("INA"); the First, Fourth, and Fifth Amendments to the United States Constitution; and unspecified provisions of the California Constitution and California Civil Code.  *See generally* ECF No. 1 ("Compl."). He has also filed a motion to proceed *in forma pauperis* ("IFP").  ECF No. 2 ("IFP Mot."). For the reasons provided below, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES WITHOUT PREJUDICE** his Complaint.

**MOTION TO PROCEED *IN FORMA PAUPERIS***

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

Prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account's balance exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). The prisoner remains obligated to pay the entire fee in monthly installments regardless of whether the action is ultimately dismissed. *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b).

As defined by the Prison Litigation Reform Act ("PLRA"), a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). A person detained and subject to removal or deportation, however, is not a "prisoner" under

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

§ 1915(h).  *Agyeman v. I.N.S.*, 296 F.3d 871, 886 (9th Cir. 2002); *Ojo v. I.N.S.*, 106 F.3d 680, 682–83 (5th Cir.1997) (holding that a detainee of the Immigration and Naturalization Service is not a prisoner for purposes of the PLRA filing fee provision); *cf. Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir 2005) ("[A] civil detainee is not a 'prisoner' within the meaning of the PLRA.").

In support of his IFP Motion, Plaintiff has provided a Prison Certificate authorized by an accounting officer.  *See* IFP Mot. at 4.  During the six months prior to filing suit, Plaintiff had an average monthly balance of $10.84 and average monthly deposits of $28.14, and Plaintiff had an available balance of $10.28 in his account at the time he filed suit.  *Id*.  If Plaintiff clearly met the definition of "prisoner" under 28 U.S.C. § 1915(h), the Court would grant Plaintiff's motion to proceed IFP and assess an initial partial filing fee of $5.62, and Plaintiff would remain obligated to pay the remaining $344.38 in monthly installments even if this action were ultimately dismissed.  *Bruce*, 577 U.S. at 84; 28 U.S.C. §§ 1915(b)(1) & (2).  However, because it is unclear whether Plaintiff is currently an immigration detainee or whether he meets the definition of "prisoner" under 28 U.S.C. § 1915(h), it is unclear whether the filing fee provisions of 28 U.S.C. § 1915(b) are applicable to this case.  *Agyeman,* 296 F.3d at 886.  Therefore, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, and finds it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain a civil action.  *See* S.D. Cal. CivLR 3.2(d).

Accordingly, the Court **GRANTS** Plaintiff's IFP Motion.  If at a later stage of these proceedings it is determined that Plaintiff meets the definition of "prisoner" under 28 U.S.C. § 1915(h), however, the Court will impose the partial filing fee pursuant to 28 U.S.C. § 1915(b)(2) and Plaintiff will remain obligated to pay the remaining balance in monthly installments even if this action is ultimately dismissed.

/ / /

/ / /

/ / /

**SCREENING OF THE COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

## I.     Standard of Review

Irrespective of whether Plaintiff is a prisoner or a civil detainee, a complaint filed by *any* person proceeding IFP is subject to *sua sponte* dismissal if it is "frivolous, [is] malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires pleading facts supporting a claim for relief, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

## II.    Plaintiff's Allegations

Plaintiff's Complaint lists seven causes of action but contains few specific facts. *See generally* Compl. In his first cause of action, Plaintiff alleges that Defendant Merrick Garland "impos[ed] [an] unlawful mandatory detention" upon Plaintiff, in violation of his rights under the INA. Compl. at 3. In his second cause of action, Plaintiff asserts that Defendants "knowingly and intentionally" placed him in "segregation confinement and kept him there under false charges" without due process. *Id.*

In his third cause of action, Plaintiff alleges immigration "officers of various rank imposed on Plaintiff punitive detention and false imprisonment." *Id.* Next, he claims Defendants intentionally dismissed his complaints of contaminated and rotten food at Otay Mesa. *Id.* at 3–4. Fifth, Plaintiff alleges that "Defendants knowingly, intentionally and negligently placed [him] in [an] unsafe facility where the medical treatment and attendance to [his] medical and mental health needs were interrupted, neglected [and] sabotaged." *Id.* at 4. Plaintiff claimss he was denied health services and medications. *Id.*

In his sixth cause of action, Plaintiff alleges Defendants failed to comply with guidelines issued by the Centers for Disease Control and Prevention ("CDC"), the State of California, and San Diego County to prevent the spread of Covid-19. *Id.* Finally, in his seventh cause of action, Plaintiff contends Defendants failed to segregate Covid-19 positive detainees from uninfected detainees, causing Plaintiff to catch Covid-19. *Id.*

Plaintiff names as Defendants the United States Government, the U.S. Department of Homeland Security ("DHS"), officers of the U.S. Immigration and Customs Enforcement ("ICE"), Merrick Garland, and Alejandro Mayorkas. *Id*. at 2. Plaintiff states that he is bringing this action pursuant to the APA; the FTCA; the INA; the First, Fourth, and Fifth Amendments to the United States Constitution; the California Constitution; and the California Civil Code. *Id*. at 1. Plaintiff seeks both declaratory and monetary relief. *Id*. at 5.

### III.   Analysis

#### A.   *Federal Rule of Civil Procedure 8*

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "The Supreme Court has interpreted the 'short and plain statement' requirement to mean that the complaint must provide 'the defendant [with] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

Here, the Complaint fails to make "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.  It is unclear how each of the claims raised in the Complaint is connected to the specific Defendants.  Furthermore, the Complaint is nearly devoid of factual allegations from which the Court could draw a reasonable inference that any named Defendant is liable for the alleged misconduct. *See* Compl. at 3–5.

Accordingly, the Court **DISMISSES** Plaintiff's Complaint **WITH LEAVE TO AMEND** under Rule 8 and 28 U.S.C. § 1915(e)(2)(ii).  *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1178–79 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *Morrison v. United States*, 270 F. App'x 514, 515 (9th Cir. 2008) (affirming Rule 8 dismissal of pro se complaint that "did not allege sufficient facts for any federal claim for relief"); *Perez v. Rancho Point Apartments Inc.*, No. 3:21-cv-1848-BAS-DEB, 2021 WL 5203303, at *3 (S.D. Cal. Nov. 9, 2021) (dismissing pro se complaint without prejudice under Rule 8 where plaintiff failed to explain "how the Complaint is connected to the listed Defendants, or how Plaintiff was allegedly wronged"); *Reed v. Newsome*, No. 3:20-cv-2439-AJB-MDD, 2021 WL 2633634, at *3 (S.D. Cal. June 25, 2021) (dismissing complaint under Rule 8 where plaintiff did not link individual defendants to his claims); *Perryman v. Warden*, No. 2:21-cv-00421-JDP (PC), 2021 WL 1210461, at *1 (E.D. Cal. Mar. 31, 2021) (dismissing complaint under Rule 8 where plaintiff identified Doe defendants but did not "specifically alleg[e] how either was involved" in violations of plaintiff's rights).

B.   **The INA**

While the Court finds the entire Complaint is subject to dismissal under Rule 8, given that such dismissal is without prejudice, the Court will nonetheless also discuss the legal bases for Plaintiff's claims and the additional shortcomings in the Complaint's statement of specific claims.

///

In his first cause of action, Plaintiff alleges that his custody is unlawful under the INA because he was transferred to immigration detention before the completion of his California prison sentence. Compl. at 3. He appears to name United States Attorney General Merrick Garland as Defendant as to this claim. *Id.*

The INA authorizes the detention of aliens awaiting removal from the United States. Different sections of the INA govern different phases of detention. Sections 1226(a) and (c) of title 8 of the United States Code apply to "aliens already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 138 S. Ct. 830, 838 (2018); *see also Avilez v. Garland*, No. 20-16142, 2022 WL 4101174, at *5 (9th Cir. Sept. 8, 2022). The INA also provides an appeal mechanism for district courts to review denied applications for naturalization. 8 U.S.C. § 1421(c).

Here, Plaintiff has failed to state an INA claim. As an initial matter, "[s]ection 1226(e) [of the INA] precludes an alien from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Jennings*, 138 S. Ct. at 841 (internal quotations omitted). Furthermore, to the extent Plaintiff is challenging his immigration proceedings, he has not alleged exhaustion of administrative remedies. *See Sanchez-Cruz v. I.N.S.*, 255 F.3d 775, 780 (9th Cir. 2001) (concluding courts lack jurisdiction to address due process claims under the INA unless alien has exhausted administrative remedies). Finally, a habeas corpus petition under 28 U.S.C. § 2241, rather than a civil complaint, is the proper vehicle for an individual in federal custody to challenge the fact of his detention. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Accordingly, Plaintiff's first cause of action fails to state a claim.

### C.     The APA

To the extent Plaintiff seeks to assert a claim under the APA, his claim fails for several reasons beyond Plaintiff's failure to allege a sufficient factual basis pursuant to Rule 8.

As a general matter, the APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning

of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702; *see also Alcaraz v. I.N.S.*, 384 F.3d 1150, 1162 (9th Cir. 2004). This judicial review provision, however, "is not so all-encompassing as to authorize . . . judicial review over everything done by an administrative agency." *Wild Fish Conservancy v. Jewell*, 730 F.3d 791, 800–01 (9th Cir. 2013). The APA confines what is subject to judicial review by limiting review to an "agency action," which is in turn defined to only "include[] the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13); *id.* § 701(b)(2) (incorporating section 551's definition of "agency action").

Here, Plaintiff has not identified a non-discretionary agency policy or rule that he alleges was not followed or was applied in an arbitrary manner. *See Heckler v. Cheney*, 470 U.S. 821, 832–33 (1985) (stating the APA does not apply to decisions committed to agency discretion). In addition, Plaintiff has not alleged exhaustion of administrative remedies. *Great Old Broads for Wilderness v. Kimbell*, 709 F.3d 836, 846 (9th Cir. 2013) ("The APA requires that plaintiffs exhaust available administrative remedies before bringing grievances to federal court."). Therefore, the Complaint fails to state an APA claim.

### D. The FTCA

Plaintiff also contends his rights under the FTCA have been violated. Relief under the FTCA may be sought for the negligent acts or omissions of employees or agents of the federal government. *See Vander v. U.S. Dep't of Justice*, 268 F.3d 661, 663 (9th Cir. 2001); *Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992). Under the FTCA, "a plaintiff must plausibly allege all six FTCA elements not only to state a claim upon which relief can be granted but also for a court to have subject-matter jurisdiction over the claim." *Brownback v. King*, 141 S.Ct. 740, 749 (2021).

Again, Plaintiff's FTCA claim is defective for several reasons beyond its failure to comply with Rule 8. First, to the extent Plaintiff seeks to hold Defendants Garland and/or Mayorkas liable under the FTCA, he cannot state a claim, as FTCA claims must be made

against the United States, not individual officers thereof. *See Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1077 (9th Cir. 1998) (stating "the United States is the only proper party defendant in an FTCA action"); *Haque v. U.S. Att'y Gen.*, No. 14-cv-04600-NC, 2015 WL 2251089, at *3 (N.D. Cal. May 13, 2015). Plaintiff also fails to state a claim against DHS and/or ICE for the same reason. *See Kennedy*, 145 F.3d at 1077. Second, to the extent Plaintiff names the United States as a defendant, he still has not stated a claim because he has not alleged compliance with the FTCA's administrative claim exhaustion requirement. *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint."); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (The "FTCA's exhaustion requirement is a 'clear statutory command.'"). Therefore, the Complaint fails to state an FTCA claim.

### E.  *The First, Fourth, and Fifth Amendments to the U.S. Constitution*

Plaintiff also asserts his First, Fourth, and Fifth Amendment rights were violated by Defendants. A claim that individual federal custodial officers violated a detainee's Constitutional rights may be brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[2] But *Bivens* provides a remedy for constitutional violations committed by federal actors only in very limited circumstances. In *Bivens*, the Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (citation omitted)). The Supreme Court has cautioned against

///

---

[2] Constitutional claims are not cognizable under the FTCA. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477–78 (1994) ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."); *see also Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011) ("Although these claims may be characterized as constitutional torts, they are not actionable under the FTCA because any liability would arise under federal rather than state law. Accordingly, the FTCA does not provide a waiver of sovereign immunity for these claims.").

expanding *Bivens*' implied right of action into new contexts beyond those already recognized. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017).

Since *Bivens* was decided, the Supreme Court has expressly recognized an implied cause of action in only three types of cases: (1) *Bivens* itself, which recognized a cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; and (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment. The Supreme Court has refused to extend *Bivens* to other classes of defendants facing liability under those same clauses. Most recently, the Supreme Court declined to extend *Bivens* to a Fourth Amendment excessive force claim and a First Amendment retaliation claim against a U.S. Border Patrol agent "[b]ecause our cases have made clear that, in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." *Egbert v. Boule*, 142 S. Ct. 1793, 1800 (2022).

Given the Supreme Court's refusal to extend *Bivens* to the First Amendment and Fourth Amendment claims raised in *Egbert*, it appears unlikely *Bivens* will extend to Plaintiff's First and Fourth Amendment claims. Even assuming such a claim exists, however, Plaintiff fails to state one.

As with most of his other claims, Plaintiff fails to tie his constitutional claims to any specific factual allegations or named Defendant. The only factual allegations contained in the Complaint related to conditions of confinement are that unspecified "Defendants" failed to comply with CDC guidelines related to Covid-19. Compl. at 4. Plaintiff alleges that infected detainees and non-infected detainees were housed together. *Id.* Plaintiff also alleges Otay Mesa is unsanitary. *Id.* A civil detainee's Fifth Amendment due process rights are violated when the conditions of confinement "amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Here, however, Plaintiff's allegations are vague and conclusory and are insufficient to state a claim because they do not identify,

for example, when, how long, and/or to what extent he was housed with infected detainees. *See Iqbal*, 556 U.S. at 678 (holding that the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting the plausibility standard for pleading a § 1983 claim); *Hentz v. Ceniga*, 402 F. App'x 214, 215 (9th Cir. 2010) (conclusory allegations of retaliation are insufficient to state a claim); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a [Rule 12(b)(6)] motion to dismiss."); *Watison*, 668 F.3d at 1112 ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.").

As for his Fourth and First Amendment claims, Plaintiff has alleged no facts or legal theories to support them. For instance, Plaintiff fails to indicate what portion of the First Amendment he is invoking—for example, speech, or exercise of religion. He also fails to allege facts relevant to any portion of the First Amendment. Likewise, the Complaint lacks a legal theory and supporting facts for a Fourth Amendment claim. Plaintiff fails to state whether he alleges an unlawful search or an unlawful seizure, and he fails to provide any factual basis for either theory. Therefore, Plaintiff fails to state a claim under the First, Fourth, and Fifth Amendments of the U.S. Constitution.

### F. State-Law Claims

Finally, Plaintiff has failed to state claims under the California Constitution or California Civil Code because there are no allegations supporting such claims. Even were that not the case, however, the Court may "decline to exercise supplemental jurisdiction" over any supplemental state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law

claims."). Because the Court has dismissed all federal claims in the Complaint, the Court declines to exercise supplemental jurisdiction over any state law claims at this time.

## IV. Conclusion

For the foregoing reasons, the Court *sua sponte* **DISMISSES** Plaintiff's Complaint in its entirety for failure to comply with Rule 8 and failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 8(a); 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112. However, because Plaintiff is proceeding pro se, the Court **GRANTS** him leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## CONCLUSION

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 2);

2. **DISMISSES** the Complaint (ECF No. 1) **WITHOUT PREJUDICE** and with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. **GRANTS** Plaintiff <u>forty-five (45) days'</u> leave from the date of this Order in which to file a First Amended Complaint curing the deficiencies of pleading noted in this Order. Plaintiff's First Amended Complaint must be complete in and of itself without reference to his original Complaint; any Defendants not renamed and any claims not realleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived"). ***If Plaintiff fails to amend within the time provided, the Court will enter a final Order dismissing this civil action.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not

take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: October 5, 2022

Hon. Janis L. Sammartino
United States District Judge