UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S. URMANCHEEV, #A075117610,<br><br>                         Plaintiff,<br><br>v.<br><br>UNITED STATES; MERRICK GARLAND; ALEJANDRO MAYORKAS; DEP'T OF HOMELAND SECURITY; and ICE OFFICERS,<br><br>                         Defendants. | Case No.: 22-CV-1039 JLS (MDD)<br><br>**ORDER (1) VACATING ORDER OF DISMISSAL, (2) CONDITIONALLY GRANTING MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS, AND (3) GRANTING MOTION FOR EXTENSION OF TIME TO FILE**<br><br>(ECF Nos. 5, 6, 7 & 8) |

Presently before the Court are granted Plaintiff A.S. Urmancheev's Notice of Change of Address (ECF No. 6), Motion for Leave for Use of Case Management/Electronic Case Filing System Utilizing Public Access to Court Electronic Records in Forma Pauperis ("CM/ECF Mot.," ECF No. 7), and Motion for Enlargement of Time to File First Amended Complaint ("Mot. to Extend," ECF No. 8).

On October 5, 2022, the Court granted Plaintiff A.S. Urmancheev's application for *in forma pauperis* status and dismissed without prejudice his Complaint pursuant to 28 U.S.C. § 1915(b). *See generally* ECF No. 3. The Court granted Plaintiff forty-five days' leave to file an amended complaint. *See id.* On December 2, 2022, the Court dismissed

this action without prejudice in light of Plaintiff's failure to file an amended complaint in a timely manner. *See generally* ECF No. 5 ("Order").

Plaintiff now requests a ninety-day extension of his time to file an amended complaint "because Court's Order to Dismiss Complaint with Leave to Amend was erroneously mailed to unknown address and returned as undeliverable, according to the Clerk of Court." Mot. to Extend at 1. The Court, in its discretion, liberally construes Plaintiff's filing as additionally seeking relief from the Order, which closed this case. *See generally id.* Finally, Plaintiff seeks leave to file documents electronically. *See generally* CM/ECF Mot. Having considered Plaintiff's filings and the law, the Court **GRANTS** Plaintiff's Motion to Extend and **CONDITIONALLY GRANTS** his CM/ECF Motion.

### MOTIONS FOR RELIEF FROM AN ORDER AND TO EXTEND TIME

Pursuant to Federal Rule of Civil Procedure 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect[.]" Such a motion must be made "no more than a year after the entry of the judgment." *Id.* 60(c)(1). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors," including, but not limited to, "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Federal Rule of Civil Procedure 6(b) permits a court to extend, for good cause, a deadline after its expiration "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "This rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (citations omitted). The same factors apply in assessing "excusable neglect" under Rules 60(b) and 6(b). *See Pioneer*, 507 U.S. at 392–93.

Here, Plaintiff neglected to timely alert the Court to a change in his mailing address, leading to him missing the deadline to amend his complaint. *See, e.g.*, ECF No. 4 (copy of mail containing October 5, 2022 Order addressed to Plaintiff at Otay Mesa Detention Center returned as undeliverable because addressee was "no longer in custody"); ECF No. 6 (Plaintiff's Notice of Change of Address, indicating that Plaintiff has relocated to Earlysville, Virginia, dated November 3, 2022, but not postmarked until December 1, 2022, and not received until December 5, 2022). The Court notes, for Plaintiff's benefit, that Plaintiff, despite being unrepresented by counsel, is bound by this District's Local Rules[1] and the Federal Rules of Civil Procedure.[2] *See* S.D. Cal. CivLR 83.11(a). The Local Rules require pro se litigants, like Plaintiff, to "keep the Court and opposing parties advised as to current address." *Id.* 83.11(b).

However, applying the *Pioneer* factors, the Court finds that Plaintiff's failure to comply with the Order and timely amend his Complaint constituted excusable neglect meriting relief. "Critically, the record is devoid of any indication either that [Plaintiff] acted in bad faith or that an extension of time would prejudice defendants." *Ahanchian*, 624 F.3d at 1260. Defendants have yet to be served, and thus there is no prejudice to them. Nor does it appear that Plaintiff's failure to comply with the Local Rules or the Federal Rules of Civil Procedure by timely informing this Court of his new address or requesting an extension of time in which to amend was done willfully in bad faith. Pro se parties are to be afforded some liberality, and the length of the delay here is not significant. Accordingly, the Court finds it appropriate to grant relief from its December 2, 2022 Order and extend the time in which Plaintiff is to file an amended complaint.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Extend (ECF No. 8). Pursuant to Federal Rule of Civil Procedure 60(b)(1), the Court **VACATES** its December

---

[1] Available at https://www.casd.uscourts.gov/_assets/pdf/rules/2022.08.01%20Local%20Rules.pdf.

[2] Available at https://www.uscourts.gov/sites/default/files/federal_rules_of_civil_procedure_dec_1_2021.pdf.

2, 2022 Order (ECF No. 5) dismissing and closing this action, and, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), the Court **GRANTS** Plaintiff's request to extend the time in which he is to file an amended complaint. Plaintiff **SHALL FILE** his amended complaint <u>within ninety (90) days</u> of the date on which this Order is electronically docketed.

## CM/ECF MOTION

Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." S.D. Cal. CivLR 5.4(a). With respect to *pro se* litigants, however, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office . . . must be in legible, paper form." Office of the Clerk, United States District Court for the Southern District of California, *Electronic Case Filing Administrative Policies and Procedures Manual*, § 2(b) (Sept. 27, 2022) [hereinafter "*ECF Manual*"], *available at* https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%20Case%20Filing%20Procedures%20Manual.pdf. "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." *Id.* The *ECF Manual* refers to the Court's official website for CM/ECF technical specifications, *id.* at § 1(i), which include a "[c]omputer running on Windows or Macintosh"; "[s]oftware to convert documents from a word processor format to portable document format (PDF)," such as "Adobe Acrobat 7.0 and higher"; "[i]nternet access supporting a transfer rate of 56kb or higher"; a compatible browser, such as "Firefox 15, Internet Explorer 9, and Safari 5.1/6 or later version"; a "[s]canner to image non-computerized documents 400 pixels per inch (ppi)"; and a PACER account. United States District Court, Southern District of California, *CM/ECF Information: General Information*, https://www.casd.uscourts.gov/cmecf.aspx (last visited Dec. 6, 2022).

Here, Plaintiff has provided no particulars about his access to technology conforming to the CM/ECF technical specifications noted above, instead reciting only that

"Plaintiff may access the internet, equipment and software which satisfy the requirements installed by the Courts"; nor has Plaintiff agreed to be bound by the rules and policies in the *ECF Manual*. CM/ECF Mot. at 1. However, the Court is mindful of the logistical difficulties Plaintiff, now apparently residing in Virginia, faces as a result of not being able to electronically file in this matter. Accordingly, the Court **CONDITIONALLY GRANTS** Plaintiff's CM/ECF Motion (ECF No. 7). Plaintiff **SHALL REGISTER** as a user with the Clerk's Office and as a subscriber to PACER per section 2(b) of the *ECF Manual* and **SHALL FILE**, within fourteen (14) days of the date on which this Order is electronically docketed, confirmation of his agreement to abide by the *ECF Manual*. ***Should Plaintiff fail to comply with these requirements, the Court may revoke Plaintiff's electronic filing privileges.***

## CONCLUSION

In light of the foregoing and good cause appearing, the Court **GRANTS** Plaintiff's Motion to Extend (ECF No. 8) and **CONDITIONALLY GRANTS** Plaintiff's CM/ECF Motion (ECF No. 7). The Court **VACATES** the December 2, 2022 Order (ECF No. 5) and **DIRECTS** the Clerk of the Court to reopen this matter. Plaintiff **SHALL FILE** (1) confirmation of his agreement to abide by the *ECF Manual* within fourteen (14) days of the date on which this Order is electronically docketed, and (2) his amended complaint within ninety (90) days of the date on which this Order is electronically docketed.

**IT IS SO ORDERED.**

Dated: December 16, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge