UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S. URMANCHEEV, #A075117610,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 22-CV-1039 JLS (MMP)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**<br><br>(ECF No. 20) |

Presently before the Court is Plaintiff A.S. Urmancheev's First Amended Complaint ("FAC," ECF No. 20). Plaintiff, proceeding *pro se*, raises claims under the Federal Tort Claims Act ("FTCA") and California state law against Defendant the United States. For the reasons provided below, the Court **DISMISSES** Plaintiff's FAC **WITHOUT PREJUDICE**.

## BACKGROUND

On July 15, 2022, Plaintiff—who had been detained at the Otay Mesa Detention Center ("Otay Mesa") in San Diego, California—filed a Complaint pursuant to the Administrative Procedures Act ("APA"); the FTCA; the Immigration and Naturalization Act ("INA"); the First, Fourth, and Fifth Amendments to the United States Constitution; and unspecified provisions of the California Constitution and California Civil Code. *See*

*generally* ECF No. 1 ("Compl.").[1]  The Complaint named several defendants, including the United States, the U.S. Department of Homeland Security ("DHS"), officers of the U.S. Immigration and Customs Enforcement ("ICE"), Merrick Garland, and Alejandro Mayorkas.  *Id.* at 2.  Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") on the same day he submitted his Complaint.  *See* ECF No. 2.

On October 5, 2022, this Court granted Plaintiff's IFP Motion and dismissed Plaintiff's original Complaint without prejudice.  *See generally* ECF No. 3 (the "Order").  The Court explained that a complaint filed by any civil litigant proceeding IFP was subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) if it failed to pass muster under Federal Rules of Civil Procedure 8 and 12(b)(6).  *See id.* at 4–6.  The Court found that the Complaint failed to comply with either rule, as it contained neither the "short and plain statement" required by Rule 8 nor factual allegations sufficient to state a claim for which relief could be granted under Rule 12(b)(6).  *See id.* at 5–6.

The Court also noted several deficiencies in each of Plaintiff's causes of action.  For example, Plaintiff had failed to state INA, APA, and FTCA claims because, among other issues, he had not adequately alleged exhaustion of his administrative remedies.  *Id.* at 7.  Plaintiff's constitutional claims were also lacking because the Court doubted whether Plaintiff could invoke *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *See id.* at 10.  *Bivens* aside, the Court found that Plaintiff had failed to tie any of his constitutional claims to specific factual allegations or named defendants.  *Id.*  Finally, the Court held that Plaintiff failed to state any claims under California law because the Complaint was devoid of allegations to support such claims.  *Id.* at 11.

The Court granted Plaintiff forty-five (45) days to file an amended complaint.  After asking the Court to extend that deadline on multiple occasions, *see* ECF Nos. 8, 13, 16, 18,

---

[1] Though Plaintiff does not clarify his detention status in his original Complaint or FAC, Plaintiff appears to no longer be detained based on his Notice of Change of Address (ECF No. 12).

Plaintiff filed his FAC. As Plaintiff continues to proceed IFP, the Court must now screen the FAC pursuant to § 1915(e)(2)(B).

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### I. Standard of Review

Irrespective of whether Plaintiff is a prisoner or a civil detainee, a complaint filed by litigant proceeding IFP is subject to *sua sponte* dismissal if it is "frivolous, [is] malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires pleading facts supporting a claim for relief, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

### II. Plaintiff's Allegations

Plaintiff claims he was arrested by ICE on April 30, 2019, despite his status as a permanent resident of the United States. FAC ¶ 6. After that, Plaintiff alleges he was "unlawfully held" in Otay Mesa for thirty-seven (37) months. *Id.* ¶ 7.

///

While detained, Plaintiff alleges that he was held in "solitary confinement for nine months on five separation occasions." *Id.* ¶ 11. Plaintiff claims these placements occurred, at times, "without explanation," "notice of charges," or a "disciplinary hearing." *Id.* ¶ 20. While in solitary confinement, Plaintiff alleges he could not access mental health care—despite his "well-documented mental illness"—which caused him "a great deal of mental disturbance and anguish." *Id.* ¶¶ 11–12. Plaintiff also alleges that ICE employees placed him in solitary confinement as retaliation for having previously filed a complaint for "sexual harassment and battery by a jailer." *Id.* ¶ 22. Plaintiff asserts that ICE "issued conflicting results of its investigations" into his sexual harassment claim, finding them "substantiated" on August 4, 2020, and "unfounded" on October 7, 2020. *Id.* ¶ 25.

The FAC also details several instances of harassment Plaintiff claims to have experienced while in solitary confinement. Plaintiff alleges that he was subjected to a strip search after he attempted to bring his leftover food back to his quarters, *id.* ¶ 27; received additional time in confinement based on false charges, *id.* ¶ 28; had his property taken, including his clothes, sheets, blanket, and towel, *id.* ¶¶ 30, 43; was denied access to the law library and his attorney, *id.* ¶ 30; and had his lights switched on and off at night, *id.*

Plaintiff next alleges that ICE failed to act properly after he became "gravely ill" with COVID-19 in May of 2020 and December of 2021. *See id.* ¶¶ 35–41, 58–59. Plaintiff claims ICE failed to follow guidance from the Center for Disease Control and other government entities, *id.* ¶¶ 36–41, which caused the virus to spread rapidly, *id.* ¶ 59. Plaintiff separately alleges that the conditions at Otay Mesa were unsanitary, as illustrated by the frequent absence of hot water, *id.* ¶ 64; the presence of mold in the carpets and the air, *id.* ¶ 65; and the serving of "rancid and contaminated" food (through which Plaintiff contracted a bacterial infection), *see id.* ¶¶ 66–69.

Plaintiff further alleges that he informed a review committee of ICE's "egregious violations." *Id.* ¶ 31. When ICE declined to address Plaintiff's complaints, he filed appeals to no avail. *See id.* ¶¶ 32–34. Plaintiff claims that, on August 2, 2021, ICE accused him of "abuse of the grievance system" and began rejecting his complaints out of hand.

*Id.* ¶ 70. After Plaintiff presented the claims "outlined" in the FAC to the "appropriate federal agency via [the] U.S. Postal Service," said agency failed to acknowledge receipt of his complaint. *Id.* ¶ 71.

Plaintiff's FAC lists five causes of action, all against a single Defendant—the United States. *See generally id.* Four of his claims—those for false arrest, false imprisonment, negligence, and intentional infliction of emotional distress ("IIED")—are brought pursuant to the FTCA and are premised on the actions of "ICE employees or agents." *See id.* ¶¶ 73–84, 91–102. Plaintiff's remaining cause of action is titled "California Civil Rights Act," though he also mentions 8 C.F.R. § 241.13 and the Fifth Amendment of the United States Constitution in connection with said state law claim. *See id.* ¶¶ 85–90. Plaintiff seeks compensatory damages in the amount of $8,483,721; legal costs; and post-judgment interest. *Id.* ¶¶ 104–06.

**III.   Analysis**

The Court notes that Plaintiff includes much more in the way of factual allegations in the FAC as compared to his original Complaint. Nevertheless, the Court finds that the FAC fails to state a claim for which relief may be granted.

  *A.   Plaintiff's FTCA Claims*

    *1.   Exhaustion of Administrative Remedies*

When a party sues the federal government, subject matter jurisdiction exists only when the law on which such action is based contains an explicit waiver of sovereign immunity. This is because "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (footnote omitted).

The FTCA provides such a waiver, but it is limited. The statute allows plaintiffs to seek damages against the United States for certain torts committed by federal employees. 28 U.S.C. §§ 1346(b), 2674. But the FTCA authorizes claims only when six elements are met. *Brownback v. King*, 141 S. Ct. 740, 746 (2021). These elements are that the claim be:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Id.* (alterations and omissions in original) (quoting *FDIC v. Meyer*, 510 U.S. 471, 477 (1994)). Plaintiff must thus "plausibly allege all six FTCA elements not only to state a claim upon which relief can be granted but also for a court to have subject-matter jurisdiction over the claim." *Id.* at 749.

The FTCA also contains an administrative claim exhaustion requirement. A plaintiff cannot bring an FTCA claim in district court unless they "have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). The Ninth Circuit has interpreted § 2675(a) to require a plaintiff "to file (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Blair v. I.R.S.*, 304 F.3d 861, 868 (9th Cir. 2002) (quoting *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984)). Like the FTCA's other elements, 2675(a)'s requirements are jurisdictional. *See id.* at 865.

Here, the FAC fails to sufficiently allege compliance with the FTCA's exhaustion requirement. Plaintiff's assertion that he "presented the claim outlined [in the FAC] to the appropriate federal agency" is too vague. FAC ¶ 71. This is in part because Plaintiff fails to identify the agency to which he sent his administrative complaint. *See, e.g.*, *Arellano v. Cnty. of San Diego*, No. 3:14-CV-02404-JO-KSC, 2023 WL 5986134, at *3 (S.D. Cal. Sept. 14, 2023). The FAC also fails to provide enough detail about the contents of Plaintiff's administrative complaint to allow the Court to reasonably infer that he gave information sufficient to allow "the agency to begin its own investigation." *Blair*, 304 F.3d at 868. And as the FAC does not describe whether his administrative complaint included a demand for a specific amount of money, the Court is unable to infer that Plaintiff provided the agency with a "sum certain damages claim." *See id.*

### 2. *FTCA's Intentional Tort Exception*

Beyond the statute's exhaustion requirement, exceptions listed in 28 U.S.C. § 2680 further narrow the FTCA's waiver of sovereign immunity. *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). If a plaintiff's claim "fall[s] within one . . . of [those] exceptions, then the federal courts lack subject matter jurisdiction to hear [their] claims." *Id.*

Plaintiff's false arrest and imprisonment claims are barred by § 2680(h), which is sometimes called the "intentional tort exception." *Levin v. United States*, 568 U.S. 503, 507 (2013). That provision excepts "[a]ny claim arising out of assault, battery, *false imprisonment*, *false arrest*, malicious prosecution, abuse of process, libel, slander, misrepresentation, or interference with contract rights" from the FTCA's waiver of immunity. 28 U.S.C. § 2680(h) (emphasis added). As the United States has not waived sovereign immunity for either type of claim, the FAC's first two causes of action "seek monetary relief from a defendant immune from such relief" and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Though not explicitly barred, Plaintiff's negligence and IIED claims—as pleaded in the FAC—also run afoul of § 2680(h). When evaluating the applicability of the intentional tort exception, courts "look[] beyond the labels used to determine whether a proposed claim is barred." *Snow-Erlin v. United States*, 470 F.3d 804, 808 (9th Cir. 2006) (quoting *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988)). A claim is barred "[i]f the gravamen of [a plaintiff's] complaint is a claim for an excluded tort under § 2680(h)." *Id.* (citation omitted). In this context, the gravamen of a complaint is defined by "the conduct on which the claim is based." *Id.* (quoting *Mt. Homes, Inc. v. United States*, 912 F.2d 352, 356 (9th Cir. 1990)).

Even an adequately stated claim for a permissible cause of action can fail under § 2680(h). "[I]n sweeping language [§ 2680(h)] excludes any claim *arising out of*" specific torts. *United States v. Shearer*, 473 U.S. 52, 55 (1985). The provision thus covers claims that "sound" in negligence, for example, but "stem" from an excluded tort. *See id.* As a

result, a claim is barred if *all* of the conduct underlying it equally constitutes an excluded tort and a non-excluded tort. *See Sheehan*, 896 F.2d at 1171. If, however, a claim is based on at least *some* conduct that does not also support an excluded tort, it survives. *See id.*

Plaintiff does not specify which aspects of the conduct alleged in the FAC support each of his specific claims. For example, Plaintiff uses the term "negligent" throughout the FAC to describe conduct that would seem to support Plaintiff's false arrest and imprisonment claims. *See, e.g.*, FAC ¶¶ 23–24, 57. Due to this ambiguity, the Court cannot determine which of ICE's specific actions were allegedly negligent, represented the intentional infliction of emotional distress, or constituted false imprisonment or arrest. Plaintiff thus appears to rely on the entirety of conduct alleged in the FAC to state each of his FTCA claims, suggesting that his negligence and IIED claims "arise out of" his false imprisonment and false arrest causes of action within the meaning of § 2680(h). Plaintiff's FTCA claims must therefore be dismissed.

### B.   *Plaintiff's Civil Rights Claims*

Plaintiff also asserts a claim "under the California Civil Rights Act." *Id.* ¶ 90. He does not, however, identify the particular California statutory provision or provisions he seeks to invoke. Instead, Plaintiff claims only that his rights under 8 C.F.R. § 241.13, the Fifth Amendment's Due Process Clause, and the "California Civil Act" were violated. *Id.* ¶ 86. It is thus unclear to the Court whether Plaintiff's third cause of action is premised on federal or state law. Creating further ambiguity, Plaintiff fails to identify which allegations support the FAC's third cause of action specifically. This vagueness alone is arguably sufficient to dismiss Plaintiff's third claim under Federal Rule of Civil Procedure 8's "short and plain statement requirement." *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1178–79 (9th Cir. 1996) (affirming dismissal where "one cannot determine from the complaint who is being sued, for what relief, and *on what theory*, with enough detail to guide discovery" (emphasis added)). Nevertheless, as it has a duty to construe the FAC liberally, the Court will evaluate Plaintiff's potential federal and state regulatory, constitutional, and statutory claims.

### *1. Potential Federal Law Claims*

Presuming Plaintiff seeks to state a federal claim in his third cause of action, he fails to do so. The FAC mentions 8 C.F.R. § 241.13, which "establishes special review procedures for those aliens who are subject to a final order of removal and are detained . . . after the expiration of the removal period." 8 C.F.R. § 241.13(a). But the FAC does not connect its allegations to Plaintiff's immigration proceedings. *See generally* FAC. Indeed, the reference to § 241.13 appears to be a holdover from the original Complaint, which included an INA cause of action. *See* Compl. ¶ 10–11. The original Complaint failed to state an INA claim for several reasons, Order at 7, none of which are cured here, *see generally* FAC. Further, and as the Court noted in its prior order, a habeas corpus petition under 28 U.S.C. § 2241, rather than a civil complaint, is the proper vehicle for an individual in federal custody to challenge the fact of his detention. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

Plaintiff's reference to the Fifth Amendment does not aid him. The only Defendant named in the FAC is the United States. *See generally* FAC. And while a claim that *individual* federal custodial officers violated a detainee's Constitutional rights may be brought under *Bivens*, "no *Bivens*-type claim lies against *the United States* itself." *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995) (emphasis added). Nor can Plaintiff rely on the FTCA here, as "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *F.D.I.C. v. Meyer*, 510 U.S. 471, 477–78 (1994); *see also Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011) ("Although these claims may be characterized as constitutional torts, they are not actionable under the FTCA because any liability would arise under federal rather than state law. Accordingly, the FTCA does not provide a waiver of sovereign immunity for these claims."). The FAC thus does not state a Fifth Amendment claim for relief.[2]

---

[2] The Court notes that Plaintiff would likely have had difficulty stating a Fifth Amendment *Bivens* claim even if he had named individual defendants in the FAC. This is because, as the Court's prior Order

### *2. Potential State Law Claims*

Finally, Plaintiff fails to state claims under California law. The FAC presents no theory tying Plaintiff's allegations to any particular provision of the California Constitution or Civil Code. Even were that not the case, the Court may "decline to exercise supplemental jurisdiction" over any supplemental state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). Because the Court has dismissed all federal claims in the FAC, the Court declines to exercise supplemental jurisdiction over any state law claims at this time.

## CONCLUSION

For the foregoing reasons, the Court *sua sponte* **DISMISSES** Plaintiff's First Amended Complaint (ECF No. 20) for its failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, because Plaintiff is proceeding *pro se*, the Court **GRANTS** him leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012))).

Plaintiff thus has <u>forty-five (45) days'</u> leave from the date of this Order in which to file a second amended complaint curing the pleading deficiencies noted above. Should he

---

explains, *Bivens* claims arise only in the context of specific constitutional violations. *See* Order at 9–11 (summarizing relevant case law). The Court expresses no opinion here on whether the allegations in the FAC could support one of the established *Bivens* claims, such as a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment as recognized in *Carlson v. Green*, 446 U.S. 14 (1980).

file one, Plaintiff's second amended complaint must be complete in and of itself without reference to his original Complaint or FAC; any claims not realleged in any second amended complaint will be considered waived. See S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived"). ***If Plaintiff fails to amend within the time provided, the Court will enter a final Order dismissing this civil action.*** See *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: October 30, 2023

Hon. Janis L. Sammartino
United States District Judge