UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S. URMANCHEEV, #A075117610,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES; MERRICK GARLAND; ALEJANDRO MAYORKAS; DEP'T OF HOMELAND SECURITY; and ICE OFFICERS,<br><br>                              Defendants. | Case No.: 22-CV-1039 JLS (MMP)<br><br>**ORDER GRANTING MOTION FOR ENLARGEMENT OF TIME TO FILE SECOND AMENDED COMPLAINT**<br><br>(ECF No. 27) |

Presently before the Court is Plaintiff A.S. Urmancheev's Motion for Thirty-Day Enlargement of Time to File Second Amended Complaint ("Mot.," ECF No. 27). For the following reasons, the Court **GRANTS** the Motion but cautions Plaintiff not to count on further extensions.

This action has been stuck in its preliminary stages for some time. Plaintiff filed his original Complaint ("Compl.," ECF No. 1) on July 15, 2022. On October 5 of that year, the Court dismissed the Complaint with leave to amend after performing the screening mandated by 28 U.S.C. § 1915(e). *See* ECF No. 3. Plaintiff failed to file an amended complaint within the forty-five days provided by the Court, so the case was dismissed on

December 2, 2022.  *See* ECF No. 5.

A few days later, Plaintiff sought an extension of time to file an amended complaint, and the case was reopened.  *See* ECF Nos. 8, 10.  In the months that followed, Plaintiff sought—and was granted—three additional extensions.  *See* ECF Nos. 13–14, 16–19.  Plaintiff ultimately filed his First Amended Complaint ("FAC," ECF No. 20) on July 14, 2023.  On October 30 of that year, the Court dismissed the FAC—again after performing the screening required by § 1915(e)—and granted Plaintiff an additional forty-five days to file a second amended complaint.  *See* ECF No. 22.

The cycle of extension requests has since repeated itself.  Plaintiff asked for an extension to file his second amended complaint on December 14, 2023.  *See* ECF No. 23.  The Court granted that request the following day, extending Plaintiff's deadline to February 2, 2024.  *See* ECF No. 24.  On February 2, Plaintiff sought yet another extension.  *See* ECF No. 25.  The Court also granted that request, pushing Plaintiff's due date to March 4, 2024.  *See* ECF No. 26.  The instant Motion was filed on that date.

By recounting the history of this case, the Court does not mean to suggest Plaintiff, who is acting pro se, has been seeking extensions in bad faith or for lack of a desire to prosecute his case.  Plaintiff now asks, as he has in prior motions, for more time due to the impacts of mental illness and the legal complexity of the task before him.  *See* Mot. at 1.  These challenges are real, and the Court does not discount them.  Further, the Court appreciates that Plaintiff typically files his extension requests in a timely fashion; the vast majority were filed before Plaintiff's time had run out.  Plaintiff has thus been communicative and respectful of the Court's orders.

Still, the Court cautions Plaintiff that this litigation cannot go on this way forever.  *See Malloy v. Regents of Univ. of Cal.*, No. 19-CV-07995 SBA, 2022 WL 4139516, *3 (N.D. Cal. Sept. 12, 2022) ("[T]he filing of an amended complaint cannot be extended indefinitely.").  As "the action cannot progress" until the second amended complaint is filed, "continuous extensions would effectively constitute an indefinite stay, which are disfavored."  *Id.* (citing *Dependable Highway Exp., Inc. v. Navigators, Ins. Co.*,

498 F.3d 1059, 1066 (9th Cir. 2007)).

With the foregoing in mind, the Court turns to Plaintiff's Motion. Pursuant to Federal Rule of Civil Procedure 6, the Court may, for good cause, extend a filing deadline if a request is made "before the original time . . . expires." Fed. R. Civ. P. 6(b)(1)(A). Good cause appearing, the Court will **GRANT** Plaintiff's Motion. The Court will also *sua sponte* extend Plaintiff's deadline by more than the requested thirty days to accommodate the challenges Plaintiff points to. Accordingly, Plaintiff **SHALL FILE** his second amended complaint on or before April 30, 2024. ***If Plaintiff fails to amend within the time provided, the Court will enter a final Order dismissing this civil action.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."). Absent extraordinary circumstances, no further extensions will be granted.

**IT IS SO ORDERED.**

Dated: March 5, 2024

Hon. Janis L. Sammartino
United States District Judge