UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| A.S. URMANCHEEV, #A075117610, Plaintiff, v. UNITED STATES, et al., Defendants. | Case No.: 22-CV-1039 JLS (MMP) **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PERMISSION TO FILE SENSTIVE INFORMATION IN PLAINTIFF'S COMPLAINT AND MOTION FOR APPOINTMENT OF COUNSEL UNDER SEAL OR REDACT** (ECF No. 37) |
|---|---|

Presently before the Court is *pro se* Plaintiff A.S. Urmancheev's Motion for Permission to File Sensitive Information Contained in Plaintiff's Complaint and Motion for Appointment of Counsel Under Seal or Redact ("Mot.," ECF No. 37). Plaintiff requests that "this Court enter an order allowing Plaintiff to file an unredacted copy of the Motion for Appointment of Counsel and Exhibit A under seal and to file a version of the motion with redactions of sensitive health information on the public docket." Mot. at 1.

Additionally, Plaintiff requests that he may "seal or redact the First Amended Complaint (FAC) and Second Amended Complaint (SAC)." *Id.* Plaintiff then lodged his proposed unredacted Motion for Appointment of Counsel. ECF No. 38. However, Plaintiff

does not provide proposed redacted versions of the documents he seeks to seal. *See generally* Docket. For the following reasons, the Court **DENIES** Plaintiff's Motion to Seal or Redact **WITHOUT PREJUDICE.**

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1130. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

To show good cause, the moving party must make a "particularized showing . . . with respect to any individual document," *San Jose Mercury News, Inc. v. U. S. Dist. Ct., N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999), that "specific prejudice or harm will result if no protective order is granted," *Phillips ex rel. Ests. of Byrd*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does

not satisfy the burden." *Kamakama*, 447 F.3d at 1184.  Likewise, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," are also insufficient. *Phillips*, 307 F.3d at 1211.  Further, if the movant wishes to seal an entire document, it must show that the possibility of prejudice or harm would not be defeated by redacting only the sensitive portions of said document.  *See In re Roman Cath. Archbishop*, 661 F.3d 417, 425 (9th Cir. 2011); *Foltz*, 331 F.3d at 1137.

## DISCUSSION

Plaintiff's instant Motion to Seal or Redact involves documents implicating both the "compelling reasons" and "good cause" standards.  For one, "[a]n action's complaint, and its associated exhibits, are more than tangentially related to the merits of the case." *JBS Packerland, Inc. v. Phillips Cattle Co.*, No. 24-CV-01299-BAS-MSB, 2024 WL 4427794 (S.D. Cal. Oct. 4, 2024) (citing *Ctr. for Auto Safety*, 809 F.3d at 1098).  Thus, sealing or redacting portions of such documents will require "compelling reasons."  But motions for appointment of counsel are only tangentially related to the merits of the case, and thus will only require a showing of "good cause."  *Oravetz v. Parr*, No. 319CV00530MMDWGC, 2020 WL 7625234 (D. Nev. Dec. 21, 2020) (finding plaintiff's motion for appointment of counsel "only tangentially related to the merits of the case").

Nevertheless, the need to protect medical privacy qualifies under either standard. *See e.g., United States v. Smith*, No. 120CR00253ADABAM2, 2023 WL 4305024 (E.D. Cal. June 30, 2023) (recognizing sensitive and private medical information satisfies a "compelling reason" to seal records); *see also San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011). But requests to seal must be narrowly tailored—a party may not seek to seal an entire document where redaction would suffice.  *Apex.AI, Inc. v. Langmead*, No. 5:23-CV-02230-BLF, 2023 WL 4157629, at *1 (N.D. Cal. June 23, 2023) (granting a request to seal where the moving party, rather than seek to seal declarations in their entirety, identified specific paragraphs and exhibits that should be sealed).

Here, Plaintiff appears to seek to seal portions of the FAC, SAC, and Motion to

Appoint Counsel along with Exhibit A, but has failed to provide a proposed redacted version of such documents, so the Court cannot determine whether his requests are "narrowly tailored" to seal only sensitive and private medical information.

Accordingly, Plaintiff's Motion for Permission to File Documents Under Seal or Redact (ECF No. 37) is **DENIED WITHOUT PREJUDICE** to Plaintiff refiling his Motion with accompanied redacted versions of any document that he seeks to file under seal. The documents must be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." And Plaintiff should file the redacted document(s) simultaneously with a joint motion or *ex parte* application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request as to documents only tangentially related to the case (i.e., his Motion to Appoint Counsel), and compelling reasons for documents more than tangentially related to the case (i.e., his operative Complaint).

Meanwhile, for the next thirty (30) days from the date of this Order, the Court will restrict viewing privileges of the publicly filed FAC (ECF No. 20) and SAC (ECF No. 29), to only the Parties and Court to mitigate any potential prejudice to Plaintiff due to the mistaken failure to provide proposed redacted documents.

**IT IS SO ORDERED.**

Dated: April 25, 2025

Hon. Janis L. Sammartino
United States District Judge