|  |  |
|---|---|
| A.S. URMANCHEEV,<br>#A075117610,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>        Defendants. | Case No.: 22-CV-1039 JLS (MMP)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PERMISSION TO FILE SENSTIVE INFORMATION IN PLAINTIFF'S FIRST AMENDED COMPLAINT, SECOND AMENDED COMPLAINT, MOTION FOR APPOINTMENT OF COUNSEL, AND PROSPECTIVE DOCUMENTS UNDER SEAL OR REDACT**<br><br>(ECF No. 43) |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

  Presently before the Court is *pro se* Plaintiff A.S. Urmancheev's Amended Motion for Permission to File Sensitive Information Contained in Plaintiff's First Amended Complaint, Second Amended Complaint, Motion for Appointment of Counsel and Prospective Documents Under Seal or Redact ("Mot.," ECF No. 43). Defendant did not file an opposition. *See generally* Docket. Having considered the briefing and the law, the Court **GRANTS** Plaintiff's Motion.

/ / /

/ / /

## BACKGROUND

Plaintiff previously filed a Motion for Permission to File Sensitive Information Contained in Plaintiff's Complaint and Motion for Appointment of Counsel Under Seal or Redact (ECF No. 37), along with a lodged proposed unredacted Motion for Appointment of Counsel (ECF No. 38). Plaintiff sought to redact "sensitive health information" from his Motion for Appointment of Counsel and Exhibit A thereto, as well as his First Amended Complaint ("FAC") and Second Amended Complaint ("SAC"). *See generally* ECF No. 37.

On April 25, 2025, the Court denied without prejudice Plaintiff's Motion to Seal and Redact. *See* ECF No. 39 ("Order"). The Court acknowledged that the need to protect medical privacy satisfies either a "compelling reason" or "good cause" to seal records. Order at 3. However, as Plaintiff had not provided proposed redacted versions of the documents he sought to seal, the Court was unable to determine whether his requests were "narrowly tailored." *Id.* at 3–4. The Order permitted Plaintiff to refile a motion with attached redacted versions of any documents that seeks to file under seal. *Id.* at 4. In the meantime, the Court restricted viewing privileges of the publicly filed FAC and SAC to only the Parties and Court to mitigate any potential prejudice to Plaintiff due to the mistaken failure to provide proposed redacted documents. *Id.*

On May 16, 2025, Plaintiff filed such renewed Motion along with redacted versions of the previously submitted documents. *See* ECF Nos. 43, 43-1, 43-2, 43-3, 43-4.

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed,

particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1130. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

To show good cause, the moving party must make a "particularized showing . . . with respect to any individual document," *San Jose Mercury News, Inc. v. U. S. Dist. Ct., N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999), that "specific prejudice or harm will result if no protective order is granted," *Phillips ex rel. Ests. of Byrd*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakama*, 447 F.3d at 1184. Likewise, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," are also insufficient. *Phillips*, 307 F.3d at 1211. Further, if the movant wishes to seal an entire document, it must show that the possibility of prejudice or harm would not be defeated by redacting only the sensitive portions of said document. *See In re Roman Cath. Archbishop*, 661 F.3d 417, 425 (9th Cir. 2011); *Foltz*, 331 F.3d at 1137.

## DISCUSSION

Here, Plaintiff requests the Court redact portions of his Motion for Appointment of Counsel that discuss his medical and mental health condition. He indicates that his Motion for Appointment of Counsel and Exhibit A attached thereto in support (ECF No. 38), disclose "protected sensitive health information that his medical doctor agreed to provide

under HIPAA." Mot. at 2. Per Plaintiff, Exhibit A is a letter "where Dr. Riccio describes [P]laintiff's illness in detail including symptoms, medication and recommendations." *Id.* Plaintiff contends that an "attempt to redact this declaration, permeated with Plaintiff's health information, will be futile, therefore Plaintiff seeks to seal the Exhibit A entirely." *Id.* Plaintiff also contends that the SAC and FAC also contain his "health information of sensitive nature" similar to that of the Motion for Appointment of Counsel. *Id.* Plaintiff indicates if "disclosed to the wrong parties, this information could result in problems with prospective employment, insurance, embarrassment and other unfavorable treatment." *Id.*

The Court finds that the concerns raised by Plaintiff are good cause justifying the redaction of medical information in the Motion for Appointment of Counsel, and the redaction of the entirety of Exhibit A, as presented by Plaintiff in the instant Motion. The Court finds that Plaintiff has also demonstrated compelling reasons to redact portions of the FAC and SAC. *See e.g., United States v. Smith*, No. 120CR00253ADABAM2, 2023 WL 4305024, at *2 (E.D. Cal. June 30, 2023) (recognizing sensitive and private medical information satisfies a "compelling reason" to seal records); *see also San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011). Further, the Court finds that the narrowly tailored redactions provide a suitable balance between the public's right to inspect judicial records and Plaintiff's legitimate interest in his medical privacy. Accordingly, the Court **GRANTS** Plaintiff's Motion (ECF No. 43) as to the redacted portions of the documents below:

1. Plaintiff's Motion for Appointment of Counsel (ECF No. 43-1);
2. Exhibit A in Support of Motion for Appointment of Counsel (ECF No. 43-2);
3. Second Amended Complaint (ECF No. 43-3);
4. First Amended Complaint (ECF No. 43-4).

The Clerk of Court **SHALL FILE** the lodged unredacted copy of Plaintiff's Motion

///

///

///

for Appointment of Counsel and Exhibit A (ECF No. 38), and Plaintiff's publicly filed First and Second Amended Complaints (ECF Nos. 20, 29) under seal.

**IT IS SO ORDERED.**

Dated: May 21, 2025

Hon. Janis L. Sammartino
United States District Judge