# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S. URMANCHEEV, #A075117610,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>Defendants. | Case No.: 22-CV-1039 JLS (MMP)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 38) |

Presently before the Court is *pro se* Plaintiff A.S. Urmancheev's Motion for Appointment of Counsel ("Mot.," ECF No. 38).

## BACKGROUND

On July 15, 2022, Plaintiff—who had been detained at the Otay Mesa Detention Center ("Otay Mesa") in San Diego, California[1]—filed a Complaint pursuant to the Administrative Procedures Act ("APA"); the Federal Tort Claims Act ("FTCA"); the Immigration and Naturalization Act ("INA"); the First, Fourth, and Fifth Amendments to the United States Constitution; and unspecified provisions of the California Constitution

---

[1] Though Plaintiff does not clarify his detention status in any of his pleadings, Plaintiff appears to no longer be detained based on his Notice of Change of Address. *See* ECF No. 12.

1    and California Civil Code. *See generally* ECF No. 1 ("Compl."). Plaintiff also filed a
2    Motion to Proceed *in Forma Pauperis* ("IFP") on the same day. *See* ECF No. 2.

3        On October 5, 2022, this Court granted Plaintiff's IFP Motion and dismissed
4    Plaintiff's original Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for
5    failure to pass muster under Federal Rule of Civil Procedure 8. *See generally* ECF No. 3.
6    The Court also noted several deficiencies in each of Plaintiff's causes of action. For
7    example, Plaintiff had failed to state INA, APA, and FTCA claims because he had not
8    adequately alleged exhaustion of his administrative remedies. *Id.* at 7. Plaintiff's
9    constitutional claims were also found wanting because the Court doubted whether Plaintiff
10   could invoke *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,
11   403 U.S. 388 (1971). *See id.* at 10. The Court, however, granted Plaintiff forty-five (45)
12   days to file an amended complaint.

13       After moving for—and receiving—multiple extensions, *see* ECF Nos. 8, 13, 16, 18,
14   Plaintiff filed a First Amended Complaint ("FAC," ECF No. 20) on July 14, 2023. After
15   conducting the same mandatory screening, the Court dismissed the FAC on October 30 of
16   the same year. *See* ECF No. 22 ("FAC Order"). Though Plaintiff had provided more
17   factual detail in his FAC with respect to some of his claims, he again failed to sufficiently
18   plead the exhaustion of administrative remedies as to his FTCA claims (the FAC did not
19   include the INA and APA causes of action contained in the original Complaint). *See id.*
20   at 5–6. Meanwhile, the Court found Plaintiff could not bring his Fifth Amendment claim
21   for damages against the United States itself—the only defendant named in the FAC—on
22   sovereign immunity grounds. *See id.* at 9. Finally, the Court explained that the FAC lacked
23   any theory of liability to support Plaintiff's state law claims. *Id.* at 10. The Court again
24   granted Plaintiff leave to amend.

25       Another round of motions to extend ensued before Plaintiff filed his Second
26   Amended Complaint ("SAC," ECF No. 29) on April 30, 2024. On January 10, 2025, the
27   Court again conducted mandatory screening and dismissed all claims in Plaintiff's Second
28   Amended Complaint against Defendants DHS ICE Officers Boone, Boyd, Albence,

Archimbault, Ortiz, Paramo, Gracio, Dobson, Beckhelm, Kitchens, Jobe, Redcay, Ramirez, Wilcox, Kendall, Cordero, Nguen, Ramirez, Brunette, Estudio, and Saxton without leave to amend pursuant to 28 U.S.C. § 1915(e)(2). *See generally* ECF No. 30 ("SAC Order"). The Court further dismissed without leave to amend all claims against Defendant United States, with the exception of the FTCA claims for false imprisonment, negligence, and intentional infliction of emotional distress. SAC Order at 21.

As to the remaining FTCA claims for false imprisonment, negligence, and intentional infliction of emotional distress, the Court found Plaintiff's allegations, construed liberally, were adequately pled to satisfy the low threshold for surviving § 1915(e)(2) screening. *Id.* at 9–12. The Court then ordered the U.S. Marshal to serve a copy of the SAC and summons upon Defendant United States of America, and ordered Defendant, once served, to reply to Plaintiff's SAC within the time provided by the applicable provisions of the Federal Rules of Civil Procedure 12(a) and 15(a)(3). *Id.* at 21.

Subsequently, on April 14, 2025, Defendant filed a Motion to Dismiss or, Alternatively, Partial Motion to Dismiss ("MTD," ECF No. 35). Defendant, in its Motion, contends Plaintiff failed to administratively exhaust his claims as required by the FTCA, and that the INA creates a jurisdictional bar for Plaintiff's false imprisonment claim. *See generally* MTD.

On April 18, 2025, before filing an opposition, Plaintiff filed the instant Motion for Counsel. *See* Mot.

## LEGAL STANDARD

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Rather, the appointment of counsel in a civil case "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (citing *Wright v. Rhay*, 310 F.2d 687 (9th Cir. 1962)). And, while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant in "exceptional circumstances," *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th

1  Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), "[a] finding of
2  exceptional circumstances requires an evaluation of both the 'likelihood of success on the
3  merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity
4  of the legal issues involved.' Neither of these issues is dispositive and both must be viewed
5  together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v.*
6  *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## ANALYSIS

8  The Court finds Plaintiff's assertion he is "confident that, if he is represented by
9  counsel in the instant matter, he will prevail on his claims because the Defendant's
10 violations of his liberty and person are blatant and contrary to the federal and state laws,"
11 Mot. at 3, insufficient to show a likelihood of success on the merits. While the Court found
12 several of Plaintiff's claims sufficient to satisfy the "low threshold for surviving
13 § 1915(e)(2) screening," the majority of Plaintiff's claims in this case, and all Defendants
14 except the United States, have been dismissed with prejudice. *See* SAC Order. And
15 ultimately, at present, "it is too early for the Court to determine [Plaintiff's] likelihood of
16 success on the merits." *Clack v. San Diego Sheriffs Dep't*, No. 08CV0624 IEG (RBB),
17 2009 WL 413030, at *2 (S.D. Cal. Feb. 18, 2009) (noting that the court was unable to
18 conclude that the plaintiff was likely to succeed even where the plaintiff's complaint
19 survived IFP screening process).

20 Moreover, the Court is not persuaded that Plaintiff is unable to effectively litigate
21 the case *pro se* in light of the complexity of the issues involved. While Plaintiff argues the
22 "[FTCA,] federal and state constitutional law, and state tort law are astonishingly
23 convoluted aspects of civil law," Mot. at 2, Plaintiff's SAC's only surviving claims allege
24 false imprisonment, intentional infliction of emotional distress, and negligence, which the
25 Court does not find to be exceptionally complex. And Plaintiff's filings show that he is
26 "capable of legibly articulating the facts and circumstances relevant to his claims." *Ward*
27 *v. Pascual*, No. 3:23-CV-1423-BAS-AHG, 2023 WL 7029216, at *6 (S.D. Cal. Oct. 25,
28 2023). While the Court is mindful of the challenges before Plaintiff, those challenges do

not on their own constitute "exceptional circumstances" warranting the appointment of counsel. *See, e.g., id.*; *see also Baptiste v. Hatton*, No. 19-CV-06551-HSG, 2019 WL 5788384, at *5 (N.D. Cal. Nov. 6, 2019).

In light of the foregoing, Plaintiff's Motion for Appointment of Counsel (ECF No. 38) is **DENIED** without prejudice to Plaintiff refiling should circumstances change.

**IT IS SO ORDERED.**

Dated: May 28, 2025

Hon. Janis L. Sammartino
United States District Judge