# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S. URMANCHEEV, #A075117610,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Case No.: 22-CV-1039 JLS (MMP)<br><br>**ORDER:**<br><br>**1) GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**2) DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**3) DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>(ECF Nos. 35, 64) |

Presently before the Court is Defendant United States' Motion to Dismiss or, Alternatively, Partial Motion to Dismiss ("Mot." ECF No. 35) *pro se* Plaintiff A.S. Urmancheev's Second Amended Complaint ("SAC," ECF No. 29). Also before the Court is Plaintiff's Opposition to Defendant's Motion to Dismiss or, Alternatively, Partial Motion to Dismiss ("Opp'n," ECF No. 56) and Defendant's Reply in Support of Motion to Dismiss or, Alternatively, Partial Motion to Dismiss ("Reply," ECF No. 63). Plaintiff also filed a

Motion for Leave to File Sur-Reply with Opposition to Defendant's Motion to Dismiss (ECF No. 64), to which Defendant filed a Notice of Position Regarding Plaintiff's Request for Second Response to Motion to Dismiss (ECF No. 65).  Having carefully considered Plaintiff's SAC, the Parties' arguments, and the law, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 35), and **DENIES AS MOOT** Plaintiff's Motion for Leave to File Sur-Reply with Opposition to Defendant's Motion to Dismiss (ECF No. 64).

## BACKGROUND

On July 15, 2022, Plaintiff—who had been detained at the Otay Mesa Detention Center ("Otay Mesa") in San Diego, California[1]—filed a Complaint pursuant to the Administrative Procedures Act ("APA"); the Federal Tort Claims Act ("FTCA"); the Immigration and Naturalization Act ("INA"); the First, Fourth, and Fifth Amendments to the United States Constitution; and unspecified provisions of the California Constitution and California Civil Code.  *See generally* ECF No. 1 ("Compl.").  Plaintiff also filed a Motion to Proceed in Forma Pauperis ("IFP") on the same day ("IFP Mot.," ECF No. 2).  *See generally* Docket.

On October 5, 2022, this Court granted Plaintiff's IFP Motion and dismissed Plaintiff's original Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to pass muster under Federal Rule of Civil Procedure 8.  *See generally* ECF No. 3 ("Complaint Order").  The Court also noted several deficiencies in each of Plaintiff's causes of action.  For example, Plaintiff had failed to state INA, APA, and FTCA claims because he had not adequately alleged exhaustion of his administrative remedies.  *Id.* at 7.  Plaintiff's constitutional claims were also found wanting because the Court doubted whether Plaintiff could invoke *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *See id.* at 10.  The Court, however, granted Plaintiff forty-five (45) days to file an amended complaint.  *Id.* at 12.

---

[1] Though Plaintiff does not clarify his detention status in any of his pleadings, Plaintiff appears to no longer be detained based on his Notice of Change of Address.  *See* ECF No. 12.

After moving for—and receiving—multiple extensions, *see* ECF Nos. 8, 13, 16, 18, Plaintiff filed a First Amended Complaint ("FAC," ECF No. 20) on July 14, 2023. After conducting the same mandatory screening, the Court dismissed the FAC on October 30 of the same year. *See* ECF No. 22 ("FAC Order"). Though Plaintiff had provided more factual detail in his FAC with respect to some of his claims, he again failed to sufficiently plead the exhaustion of administrative remedies as to his FTCA claims (the FAC did not include the INA and APA causes of action contained in the original Complaint). *See id.* at 5–6. Meanwhile, the Court found Plaintiff could not bring his Fifth Amendment claim for damages against the United States itself—the only defendant named in the FAC—on sovereign immunity grounds. *See id.* at 9. Finally, the Court explained that the FAC lacked any theory of liability to support Plaintiff's state law claims. *Id.* at 10. The Court again granted Plaintiff leave to amend.

Another round of motions to extend ensued before Plaintiff filed the SAC on April 30, 2024. *See* SAC. On January 10, 2025, the Court screened Plaintiff's SAC and dismissed all claims except Plaintiff's FTCA false imprisonment, negligence, and intentional infliction of emotional distress claims against the United States. ECF No. 30. Defendant now moves to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). Mot. at 4.

## FACTUAL ALLEGATIONS

Plaintiff claims he was arrested by Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE") officers on April 30, 2019, despite his status as a permanent resident of the U.S., while he was in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). SAC ¶ 8. Specifically, Plaintiff claims Defendants Boyd and Boone, both of ICE's Fresno field office, "misinformed" Plaintiff that he was "being detained under provisions of the INA." *Id.* ¶¶ 6, 9. Boyd then "illegally served" an arrest warrant and a "defective Notice to Appear" on Plaintiff. *Id.* ¶ 10. Next, Plaintiff's "property was illegally searched," and some of it was ultimately seized. *Id.* ¶ 11.

After the arrest, Plaintiff was purportedly "unlawfully imprisoned" in Otay Mesa for thirty-seven months. *Id.* ¶ 12. During this time, "ICE refrained from answering [P]laintiff's questions about the propriety of [his] detention." *Id.* ¶ 13. His cell was also unlawfully searched on many occasions and "some property [was] seized including legal documents." *Id.* ¶ 14.

While detained, Plaintiff was held in solitary confinement on five separate occasions (for a total nine months). *Id.* ¶ 17. During these periods of isolation, Plaintiff claims he lacked access to "adequate and appropriate mental health care" despite his "well documented" "struggle with . . . schizoaffective disorder." *Id.* ¶ 17. As a result, Plaintiff experienced "a great deal of mental disturbance and anguish." *Id.* ¶ 18. And even though ICE officers visited—and met weekly to review the status of—those in solitary confinement, *id.* ¶¶ 21–22, no mental health professional ever evaluated Plaintiff's condition, *id.* ¶ 27.

Plaintiff was placed in solitary confinement without explanation or hearing on at least one occasion, *see id.* ¶ 26, and on others solitary confinement was the result of false charges being levied against Plaintiff, *see id.* ¶¶ 28, 32, 34, 48. On one occasion, Plaintiff learned he was put in segregation as retaliation for having complained about "sexual harassment and battery by a jailer." *Id.* ¶ 28. Relatedly, ICE negligently handled said complaint by issuing conflicting investigatory findings, deeming Plaintiff's allegations "substantiated" on August 4, 2020, and "unfounded" on October 7, 2020. *Id.* ¶ 31.

Plaintiff allegedly faced several forms of harassment while in solitary confinement. Plaintiff's "jailers" (1) subjected him "to a strip search sanctioned by ICE" for trying to bring leftover food to his quarters, *id.* ¶ 33; (2) took Plaintiff's "clothes, sheets, blanket," and "towel" away for two weeks, *id.* ¶ 49; (3) seized Plaintiff's legal documents and denied him access to the law library and his attorney's phone calls, *id.* ¶¶ 14, 36; (4) "verbally abused" him using "derogatory" and "demeaning terms" related to "sexual references, [P]laintiff's mental condition, and ethnic background," *id.* ¶ 49; and (5) turned Plaintiff's lights on and off to prevent him from sleeping, *id.* In response to his appeal via the

established grievance process contesting "arbitrary segregation and abuse," ICE concurred with the jailers. *Id.* ¶ 51.

Plaintiff also alleges "ICE and the jail . . . more than doubled [P]laintiff's cell block population by transferring detainees" during the COVID-19 pandemic, *id.* ¶ 43, causing Plaintiff to become infected with the COVID-19 virus in May 2020, and become "gravely ill for about three weeks," *id.* ¶ 41. ICE "failed to implement masking for both jailers and detainees, social distancing, appropriate hygiene, testing and medical care and monitoring," *id.* ¶ 45, which caused Plaintiff to get very ill with COVID-19 for a second time, *id.* ¶¶ 47, 64, resulting in long Covid, *id.* ¶ 66.

Plaintiff also indicates he acquired Helicobacter Pylori infection through contaminated food, which caused an acute gastroesophageal reflux disease ("GERD") that he continues to suffer from. *Id.* ¶ 75.

Plaintiff alleges that on July 12, 2021, he "presented" the claim outlined here to the "ICE headquarters in Washington D.C." by mailing it through the facility mailing system. *Id.* ¶ 77. The agency did not acknowledge receipt of this claim, and "[t]o date, the agency has failed to make final disposition of [Plaintiff's] claim." *Id.* ¶¶ 78–79.

## LEGAL STANDARD

The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Under Federal Rule of Civil Procedure 12(b)(1), a party may raise by motion the defense that the complaint lacks subject matter jurisdiction and may do so via a facial or factual attack. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial attack' asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction." *Courthouse News Service v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014) (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines

whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

In contrast, "'[a] factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Id.* (citing *Safe Air for Everyone*, 373 F.3d at 1039). In the case of a factual attack, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039. "The court need not presume the truthfulness of the plaintiff's allegations." *Id.* After the moving party evidences the lack of subject matter jurisdiction, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). In reviewing this extra-pleading evidence, the district court does not abuse its discretion, even if it must ultimately resolve factual disputes between the parties. *Id.*

Dismissal under Rule 12(b)(1) is warranted "where the alleged claim under the Constitution or federal statutes appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). Dismissal under 12(b)(1) is not warranted when "the jurisdictional issues and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of the action." *Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983) (internal quotation marks and citation omitted).

## ANALYSIS

### I. Exhaustion

Defendant argues that the Court lacks jurisdiction because Plaintiff failed to administratively exhaust his claims. Mot. at 5. Defendant raises a factual attack on the existence of jurisdiction, including with its Motion the Declaration of Jeannette Litz (Mot.

Ex. 1), a Paralegal Specialist for the Department of Homeland Security, ICE, and attachments related to a March 8, 2021, SF-95 Form mailed by Plaintiff (Mot. Ex. 1-A, 1-B). Because Defendant raises a factual attack, the Court may consider external evidence and "need not presume the truthfulness of [Plaintiff's] allegations." *Safe Air for Everyone*, 373 F.3d at 1039. If Defendant "evidences the lack of subject matter jurisdiction," Plaintiff must then satisfy his burden of establishing the Court does in fact have subject matter jurisdiction. *St. Clair*, 880 F.2d at 201.

### A. Applicable Law

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (internal quotations omitted). "The FTCA provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment." *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000) (citing *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995)).

The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111–13 (1993); *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980). No action may be instituted under the FTCA unless the claimant first presented his claim to the appropriate federal agency and, either the claim was finally denied by the agency in writing and sent by certified or registered mail, or the agency failed to make final disposition of the claim within six months of its filing. *See* 28 U.S.C. § 2675(a). Presentment requires that a "party file[] '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Blair v. IRS*, 304 F.3d 861, 864 (9th Cir. 2002) (quoting *Warren v. United States Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc)). The claim must be presented to the subject agency within two years of accrual. 28 U.S.C.

§ 2401(b).  "[A] claim shall be deemed to have been presented when a Federal agency *receives* from a claimant . . . an executed Standard Form 95 or other written notification of an incident . . . ." 28 C.F.R. § 14.2(a) (emphasis added); *see also Whitaker v. United States*, 23 F. App'x 680 (9th Cir. 2001) ("A claim is not presented until it is received by the agency.") (quoting *Bailey v. United States*, 642 F.2d 344, 346 (9th Cir. 1981)).  Moreover, because the FTCA's exhaustion requirement is jurisdictional in nature, it "must be strictly adhered to." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (citation omitted); *see also Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (holding that because the FTCA is a waiver of the federal government's sovereign immunity, the exhaustion requirement must be interpreted strictly).

### B. Analysis

At issue is whether Plaintiff exhausted his administrative remedies by presenting his claim to the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE) before bringing the present action.

Plaintiff alleges that, on July 12, 2021, he mailed a SF-95 to the ICE headquarters in Washington D.C., stating the ICE officers at issue, the amount of claim totaling $8,483,721, and that the officers in question "illegally jail[ed] him for over two years in unsafe non-federal contracted facility;" "ignored his pleadings for help and assistance;" and "intentionally and negligently subjected him to violation of his person and his rights." SAC ¶ 77; Opp'n Ex-A at 2.  However, Defendant asserts, supported by the Litz Declaration, that the agency never received it.  Mot. at 6; Litz Decl. at ¶¶ 6–9.  Instead, Defendant states that the only SF-95 claim form the agency received was dated March 8, 2021, based on different grounds than those alleged here, and received by ICE on or about August 14, 2021. *Id.*  Plaintiff, in his Opposition, states that he does not intend to rely on the March 8, 2021, SF-95, but rather that the July 12, 2021, SF-95 should be the form considered by the Court, as he submitted it through certified legal mail, and it presents all the claims in this case.  Opp'n at 5, 13.

/ / /

      Plaintiff argues that he submitted the required SF-95 form "through the only available option – the facility's mailroom." Opp'n at 5. To support his assertion, Plaintiff includes in his Opposition a copy of the mail log from the Otay Mesa Detention Center which Plaintiff alleges demonstrates that he sent an SF-95 on June 16, 2021 ("June SF-95"), to ICE for a similar, but independent, case, and that Plaintiff sent the SF-95 at issue to the same address on July 12, 2021 ("July SF-95"). Opp'n Ex-A at 5. Notably, the log lists different information under "Address" for each of these records. *See id.* The June SF-95, address is listed as "500 12th Street, SW Washington D.C. 20536." *Id.* The July SF-95, address is listed as "ATTN: CLAIMS Washington D.C. 20536." *Id.* While unclear if this is the error that caused the July SF-95 to not be received by the agency, it is worth noting this difference between the two logs. Plaintiff attempts to use the June SF-95 mailing record, which Plaintiff claims was received, to demonstrate that the July SF-95 mailing record must have been received, and if it were not, then it must be due to agency negligence or Covid-19 related issues. Opp'n at 5. Plaintiff argues that this is sufficient to satisfy the exhaustion requirement.

      Defendant correctly raises the issue with Plaintiff's conclusion: Plaintiff failed to establish that the agency *received* the relevant SF-95. Reply at 2. "Strictly construing the FTCA's waiver of sovereign immunity, as the Court must, the Court finds that the presentment requirement is not satisfied until the agency *receives* notice of the claim, not when it is mailed or emailed to the agency." *Pena v. Vasquez*, No. 24-cv-960-MIS-GBW, 2025 WL 2806812, at *7 (D.N.M. Oct. 2, 2025) (citing *Bailey*, 642 F.2d at 346–47) (finding that where a plaintiff's attorney emailed documents to the incorrect email and the agency never received them, that the plaintiff had failed to present the information to the agency for purposes of FTCA exhaustion).

      The Ninth Circuit cemented this principle in *Bailey v. United States*, 642 F.2d 344, 347 (9th Cir. 1981). In *Bailey*, plaintiff's counsel mailed plaintiff's claim forms to the agency, but the agency never received them. *Id.* at 346. The district court dismissed the claims for lack of subject matter jurisdiction, and the Ninth Circuit affirmed. *Id.* at 345.

1  The court declined to rewrite the presentment requirement "by holding that mailing alone is sufficient to meet the requirement that a claim be 'presented,'" but rather concluded that the regulation, 28 C.F.R. § 14.2(a), puts parties on notice that a claim is not presented until it is received by the agency.[2] *Id.* (citing *Steele v. United States*, 390 F. Supp. 1109, 1111–12 (S.D. Cal. 1975)). In sum, the presentment requirement under the FTCA requires that the agency receive notice of the claim, not that the claim was simply mailed. *See Drazan v. United States*, 762 F.2d 56, 58 (7th Cir. 1985) ("[T]he district court was quite right to hold that mailing is not presenting; there must be receipt.").

It is the Plaintiff's burden to show his claim was received by the proper agency. *See, e.g.*, *Whitaker*, 23 F. App'x at 681 ("Plaintiff bears the burden of proving the court has subject matter jurisdiction . . . which in an FTCA action includes proof of the defendant agency's receipt of the claim." (citation omitted)); *Pena*, 2025 WL 2806812, at *9; *Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994) ("It is the plaintiff's burden to establish the proper agency's receipt of the request for reconsideration.") (citing *Bailey*, 642 F.2d at 346).

To satisfy this burden, Plaintiff endeavors to use the prison mailbox rule to raise a presumption of receipt. Opp'n at 7–13. Plaintiff asserts that, while he has lost the certified

---

[2] The court noted that plaintiff's counsel had presented two other claims before and had received acknowledgements of their acceptance from the agency, so they were familiar with the procedural requirements of the regulation and should have followed up with the agency. *Bailey*, 642 F.2d at 347. Similarly, while *pro se*, Plaintiff is familiar with the presentment requirement, evidenced by his filings in this case and other related cases. *See A.S. Urmancheev v. Immigration and Customs Enforcement Health Services Corps, et al.*, No. 3:22-cv-00762-CAB-MSB (S.D. Cal. Jan. 22, 2025) (currently on appeal). Plaintiff also, like the parties in *Bailey*, failed to send another copy of the July SF-95 even though he did not receive a response, and has received responses in the past to other SF-95 submissions. Opp'n at 3 (discussing the March 8, 2021, SF-95). While sympathetic to Plaintiff's efforts to fulfill the presentment requirement here, the Court "[is] not allowed to proceed in the absence of fulfillment of the conditions merely because dismissal would visit a harsh result upon the [P]laintiff." *Vacek*, 447 F.3d at 1250 (citing *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979)); *see also McNeil*, 508 U.S. at 113 (1993) (regarding the exhaustion requirement, holding that, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law") (citation omitted).

mail receipt and never received a confirmation receipt from the agency, that the mail log evidencing he mailed his July SF-95 is sufficient to "abrogate the Government's evidence and argument otherwise that the claim was not received." *Id.* at 7. However, the Ninth Circuit has declined to hold that such presumption exists. *See, e.g.*, *Vacek*, 447 F.3d at 1252 (holding that application of the common law mailbox rule, which "provides that the proper and timely mailing of a document creates a 'rebuttable presumption that the document has been received'" was foreclosed by *Bailey* and inapplicable to satisfy presentment); *Whitaker*, 23 F. App'x at 681 ("Plaintiff argues he is entitled to a presumption of receipt because he proved that he mailed his claim by certified mail . . . . [T]his court considered [the issue] in *Bailey*, 642 F.2d at 347 n.1, and declined to hold that such a presumption exists."); *Estes v. United States*, 302 Fed. App'x 563, 565 (9th Cir. 2008) (declining to treat evidence of claims being mailed as evidence of receipt under *Bailey* and *Vacek*). Here, Plaintiff's evidence that he attempted to send his SF-95 by certified mail, combined with Defendant's assertion of nonreceipt and a lack of a return receipt, is insufficient to prove receipt. *See Bhatnagar v. United States*, No. 14-cv-00327-MEJ, 2015 WL 4760386, at *8 (N.D. Cal. Aug. 12, 2015) (holding that plaintiff's allegation that he sent a tort claim via certified mail, absent a signed return receipt, was "insufficient to establish that the claim had been received where the agency asserted that it had no record of the claim") (citation omitted).

Additionally, Plaintiff's reliance on *Houston* is misplaced, as that case held that a notice of appeal is considered filed when a *pro se* prisoner delivers the notice to the prison authorities for mailing, not an FTCA SF-95. *Houston v. Lack*, 487 U.S. 271, 270 (1988). Plaintiff's reliance on *Carr* is also misplaced as that case dealt with whether a prisoner action is "initiated" under the FTCA "when the prisoner mails the complaint or, alternatively, when the complaint is filed with the court." *Carr v. Federal Bureau of Prisons*, No. 14-cv-2110 JAM CKD P, 2017 WL 633928, at *7 (E.D. Cal. Feb. 16, 2017).

/ / /

/ / /

Rather, *Carr* opposes Plaintiff's position stating:

> In *Vacek*, the Ninth Circuit held that the mailbox rule does not apply to FTCA claims when determining when an agency "received" an administrative tort claim. In that context, the court strictly construed the jurisdictional requirement that "a claim be deemed to have been presented when a Federal agency *receives* from a claimant . . . written notification of the incident. . ." such that the date a claimant mailed the notification was irrelevant.

*Id.* at *6 (quoting *Vacek*, 447 F.3d at 1252).

Therefore, even if Plaintiff has established that he mailed his SF-95 to the agency, considering Defendant's evidence of non-receipt and the lack of certified mail receipt, Plaintiff has failed to demonstrate his claim was received by the agency. *See Rasmussen v. United States*, No. CV-23-66-TUC-RCC, 2023 U.S. Dist. LEXIS 187259, at *7–8 (D. Ariz. Oct. 16, 2023) (dismissing a claim for lack of subject matter jurisdiction where the plaintiff presented evidence of mailing and failed to provide a signed return receipt, thus failing to carry his burden to show his claim was received by the agency); *cf. Shore v. United States*, No. 23-cv-3681, 2024 WL 4350692, at *5 (E.D.N.Y. Sept. 30, 2024) (finding the actual receipt requirement met where plaintiff provided evidence of delivery to the correct address and receipt by the mail room of the correct agency); *Keegan v. United States*, No. C24-656-KKE, 2025 WL 437924, at *3 (W.D. Wash. Feb. 7, 2025) (satisfying the actual receipt requirement where plaintiff provided proof that his certified letter was delivered to an individual at the correct agency office, and the government appeared to concede that the claim was received).

The Court concludes that Plaintiff failed to exhaust his administrative remedies because he failed to meet his burden that the agency received notice of his claim. *See Bailey*, 642 F.2d at 347. Therefore, Plaintiff cannot rely upon the FTCA for a waiver of sovereign immunity. *See* 28 U.S.C. § 2675(a). Accordingly, the Court **GRANTS** Defendant's Motion, and Plaintiff's FTCA claims are **DISMISSED** for lack of subject matter jurisdiction (ECF No. 29). The Court finds the current record sufficient to resolve

Defendant's Motion. Therefore, the Court **DENIES AS MOOT** Plaintiff's Motion for Leave to File Sur-Reply with Opposition to Defendant's Motion to Dismiss (ECF No. 64).

## CONCLUSION

Based on the foregoing, the Court:

1. **GRANTS** Defendant's Motion to Dismiss or, Alternatively, Partial Motion to Dismiss (ECF No. 35)

2. **DISMISSES WITHOUT PREJUDICE** Plaintiff's Second Amended Complaint (ECF No. 29)

3. **DENIES AS MOOT** Plaintiff's Motion for Leave to File Sur-Reply with Opposition to Defendant's Motion to Dismiss (ECF No. 64), and

4. **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED.**

Dated: November 6, 2025

Hon. Janis L. Sammartino
United States District Judge