UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S. URMANCHEEV,<br>#A075117610,<br><br>                          Plaintiff,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>                          Defendants. | Case No.:  22-CV-1039 JLS (MMP)<br><br>**ORDER:**<br><br>**(1) DENYING AS MOOT MOTION TO SUBSTITUTE EXHIBIT TO MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL (ECF NO. 73);**<br><br>**(2) GRANTING MOTION TO SEAL SUBSTITUTE EXHIBIT (ECF NO. 74);**<br><br>**(3) DENYING AMENDED MOTION FOR RECONSIDERATION (ECF NO. 77);**<br><br>**(4) DENYING MOTION TO REJECT DECLARATION OF JEANNETTE LITZ (ECF NO. 78);**<br><br>**(5) DENYING SUPPLEMENTAL MOTION TO COMPEL STATEMENT OF FACTS (ECF NO. 79); AND** |

1



**(6) DENYING AS MOOT MOTION TO EXPEDITE CONSIDERATION ON POST-JUDGMENT MOTIONS (ECF NO. 82)**

(ECF Nos. 73, 74, 77, 78, 79, 82)

Presently before the Court are Plaintiff A.S. Urmancheev's Motion to Substitute Exhibit to Motion for Extension of Time to File Notice of Appeal (ECF No. 73), Motion to Seal or Redact a Substitute Exhibit to Exhibit 1 to Motion for Extension of Time to File Notice of Appeal (ECF No. 74), Motion for Reconsideration of Court's Order Granting Defendant's Motion to Dismiss ("Reconsideration Mot.," ECF No. 77), Motion to Reject Declaration of Jeannette Litz (ECF No. 78), Motion to Compel Subpoena for Declaration of Prison Mail Clerk (ECF No. 79), and Motion to Expedite Consideration and Enter Order Deciding Pending Post-Judgment Motions (ECF No. 82).

The Court **DENIES AS MOOT** Plaintiff's Motion to Substitute Exhibit to Motion for Extension of Time to File Notice of Appeal (ECF No. 73) because the Court has already granted Plaintiff's Motion for Extension of Time to File Notice of Appeal. *See* ECF No. 75. Additionally, the Court **DENIES AS MOOT** Plaintiff's Motion to Expedite Consideration and Enter Order Deciding Pending Post-Judgment Motions (ECF No. 82), as the Court now considers Plaintiff's Motions.

The Court **GRANTS** Plaintiff's request to seal (ECF No. 74) Exhibit A to Plaintiff's Motion to Substitute Exhibit to Motion for Extension of Time to File Notice of Appeal, as the exhibit contains Plaintiff's protected sensitive medical and mental health information. *See* ECF No. 73, Ex. A at 1; *Castro v. United States*, No. 23-CV-00629-RBM-BGS, 2023 WL 3186285, at *2 (S.D. Cal. May 1, 2023) (finding good cause to seal plaintiff's medical information).

### MOTION FOR RECONSIDERATION AND RELATED MOTIONS

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been

22-CV-1039 JLS (MMP)

made to any judge and has been refused in whole or in part." S.D. Cal. CivLR 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* "In resolving motions for reconsideration, courts often look to the standard for relief from final judgment set forth in Federal Rules of Civil Procedure 59(e) and 60(b), which apply to motions for reconsideration of final appealable orders and relief from judgment." *Evanston Ins. Co. v. Venture Point, LLC*, No. 22-CV-1783-KJD-EJY, 2021 WL 5500486, at *1 (D. Nev. Nov. 23, 2021).

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

On November 6, 2025, the Court granted Defendant's Motion to Dismiss ("Order," ECF No. 66) finding that Plaintiff failed to exhaust his administrative remedies. Order at 12. Specifically, the Court found that the "the presentment requirement [of claims under the Federal Tort Claims Act] is not satisfied until the agency *receives* notice of the claim, not when it is mailed or emailed to the agency." *Id.* at 9 (quoting *Pena v. Vasquez*, No. 24-CV-960-MIS-GBW, 2025 WL 2806812, at *7 (D.N.M. Oct. 2, 2025)). The Court found that while Plaintiff attempted to mail his SF-95, he had the burden to show his claim was received by the proper agency, which he failed to do. *Id.* at 10.

22-CV-1039 JLS (MMP)

Plaintiff argues that the Court's prior decision was clear error because the Court relied on Jeannette Litz's declaration, Plaintiff now presents a sworn declaration that he mailed his SF-95 administrative claim, and the Court wrongly rejected the application of the prison mailbox rule. *See generally* Reconsideration Mot.

## I.    Litz Declaration

First, regarding Ms. Litz's declaration, Plaintiff also filed a Motion to Reject Declaration of Jeannette Litz (ECF No. 78). Plaintiff argues that Ms. Litz lacked personal knowledge and relied on hearsay and unverified databases without custodian certification. *See generally* ECF No. 78. Defendant included with its Motion to Dismiss (ECF No. 35) the Declaration of Jeannette Litz (ECF No. 35, Ex. 1, "Litz Decl."). Ms. Litz is a Paralegal Specialist for the Department of Homeland Security. Litz Decl. ¶ 1. In the Court's Order dismissing Plaintiff's Second Amended Complaint, the Court relied on the Litz Declaration for evidence that Plaintiff's SF-95 related to this case was never received by the agency. Order at 8.

Defendant's Motion was a factual attack on the existence of jurisdiction. *See* Order at 6. In the case of a factual attack, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The court need not presume the truthfulness of the plaintiff's allegations." *Id.* After the moving party evidences the lack of subject matter jurisdiction, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). In reviewing this extra-pleading evidence, the district court does not abuse its discretion, even if it must ultimately resolve factual disputes between the parties. *Id.* Therefore, the Court properly considered the Declaration in resolving the Motion.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the

affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Ms. Litz states in her Declaration that as part of her role she "regularly review[s] and work[s] with records pertaining to administrative tort claims submitted to and/or received by the agency." Litz Decl. ¶ 2. She also "regularly utilize[s] PLAnet, which is the system used by OPLA to maintain all administrative claim records, as well as records related to cases that are in litigation." *Id.* Ms. Litz conducted a search of the PLAnet database and states in her Declaration that the only SF-95 claim form the agency received from Plaintiff was dated March 8, 2021, based on different grounds than those alleged here, and received by ICE on or about August 14, 2021. *Id.* ¶¶ 6–9. As discussed in the Court's Order, this is not the SF-95 Plaintiff relies on for this case. Order at 8.

The Court finds that Ms. Litz's declaration is based on her personal knowledge and sets forth facts that would be admissible. *See Latman v Burdette*, 366 F.3d 774, 787 (9th Cir. 2004), *abrogated in part on other grounds by Law v. Siegal*, 571 U.S. 415 (2014) (personal knowledge is what a witness "actually perceived or observed" (citation omitted)); *Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (finding, on summary judgment but discussing declarations, that "a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56" (citation omitted)). Therefore, Plaintiff's Motion to Reject Declaration of Jeannette Litz (ECF No. 78) is **DENIED**, and the Court finds this ground for reconsideration insufficient to warrant modification of the Court's Order.

## II.    New Declarations

Plaintiff next argues that his supplementation of the record "with a sworn declaration executed pursuant to 28 U.S.C. § 1746 attesting to the mailing of the SF-95 administrative claim" is new evidence that is sufficient to provide evidence of mailing. Reconsideration Mot. at 5. As discussed in the Court's Order, the Ninth Circuit has not applied the prison mailbox rule to satisfy presentment under the FTCA. *See* Order at 9–12; *see also Censke v. United States*, 947 F.3d 488, 491–92 (7th Cir. 2020) (applying the prison mailbox rule

22-CV-1039 JLS (MMP)

to FTCA presentment but recognizing that the Ninth Circuit has not adopted a similar rule). Therefore, even if Plaintiff presents evidence of mailing, Plaintiff must also provide evidence of the agency's *receipt* of his SF-95, which he did not and continues not to do. *See Pena*, 2025 WL 2806812, at *7 ("Strictly construing the FTCA's waiver of sovereign immunity, as the Court must, the Court finds that the presentment requirement is not satisfied until the agency *receives* notice of the claim, not when it is mailed or emailed to the agency." (citing *Bailey v. United States*, 642 F.2d 344, 346–47 (9th Cir. 1981)).

Plaintiff also "moves to compel the declaration of the facility mailroom clerk to corroborate the mailing and the entries in the legal-mail log." Reconsideration Mot. at 5. To do so, Plaintiff filed a Motion to Compel Subpoena for Declaration of Prison Mail Clerk (ECF No. 79). For the same reason above, the Court finds this kind of declaration immaterial and repetitive as to the issues already discussed. Therefore, Plaintiff's Motion (ECF No. 79) is **DENIED,** and the Court also finds this ground for reconsideration insufficient to warrant modification of the Court's Order.

**III.    Application of the Prison Mailbox Rule**

Plaintiff then argues that the Court improperly declined to apply the prison mailbox rule to raise a presumption of receipt. Reconsideration Mot. at 8–11. Plaintiff argues that the prison mailbox rule established in *Houston v. Lack*, 487 U.S. 266 (1988) satisfies the exhaustion requirement. *Id.* As discussed in the Court's prior Order, in *Houston*, the Supreme Court found that "a *pro se* prisoner's notice of appeal, docketed after the deadline, was 'filed' when it was delivered to prison authorities for mailing to the federal court." *Carr v. Giron*, 752 F. App'x 434, 436 (9th Cir. 2018) (citing *Houston*, 487 U.S. at 276). In the Ninth Circuit, to exhaust administrative remedies under the FTCA, the claim must be "presented" to the agency—meaning the agency must actually receive notice of the claim, not just that it is mailed. *See Bailey*, 642 F.2d at 347 ("Nor do we accept appellants' invitation to rewrite the Act and in effect repeal the regulation by holding that mailing alone is sufficient to meet the requirement that a claim be 'presented.'" (citation omitted)); *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006) ("In light of the Supreme

Court's repeated admonition that waivers of sovereign immunity must be interpreted strictly, we conclude that *Bailey* sets out the correct rule of law."). While at least one Circuit has construed the prison mailbox rule to apply to FTCA presentment, *see Censke v. United States*, 947 F.3d 488 (7th Cir. 2020), the Court is unaware of, and Plaintiff fails to point to, any authority finding that the Ninth Circuit has adopted this rule. Rather, even the court in *Censke* recognized that the Ninth Circuit has not adopted this rule. *See Censke*, 947 F.3d at 491–92. Further, in *Censke*, the court applied the prison mailbox rule to find that the prisoner's SF-95 was timely received, not to establish evidence of receipt where, as here, the agency never received the SF-95 at all. *Id.* at 490. Even if the Court were to extend the prison mailbox rule to find evidence of mailing sufficient to raise a presumption of presentment, the Government has rebutted any presumption through the Litz Declaration and other supporting evidence of nonreceipt supplied with their Motion.[1]

Therefore, Plaintiff's Amended Motion for Reconsideration (ECF No. 77) is **DENIED**.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Further, based on the record before the Court, there is currently insufficient information to equitably toll the deadline to present Plaintiff's claim to the agency. *See United States v. Wong*, 575 U.S. 402, 405 (2015); *Fleming v. United States*, No. 22-CV-5082-RFL, 2026 WL 790751, at *7 (N.D. Cal. March 20, 2026) ("Dismissal is without leave to amend as any amendment would be futile. However, dismissal is without prejudice to [the plaintiff] reasserting her claims after presenting them to the [agency] as required. . . . [A]lthough [the plaintiff] has now missed the deadline to present her claims to [the agency], she may be entitled to equitable tolling of that deadline on the basis that she tried to present her Form 95 [to the agency] but prison officials at FCI Dublin interfered with its transmittal."). The dismissal of Plaintiff's Second Amended Complaint was without prejudice. *See* Order at 13. If DHS declines to apply equitable tolling and refuses to consider Plaintiff's claims, he may reassert his claims in this case "and their viability in light of equitable tolling principles may be assessed at that time." *Fleming*, 2026 WL 790751, at *7. However, this issue is not yet properly before the Court.

22-CV-1039 JLS (MMP)

**CONCLUSION**

In light of the foregoing, the Court:

(1) **DENIES AS MOOT** Plaintiff's Motion to Substitute Exhibit to Motion for Extension of Time to File Notice of Appeal (ECF No. 73);

(2) **GRANTS** Plaintiff's Motion to Seal or Redact a Substitute Exhibit to Exhibit 1 to Motion for Extension of Time to File Notice of Appeal (ECF No. 74);

(3) **DENIES** Plaintiff's Motion for Reconsideration of Court's Order Granting Defendant's Motion to Dismiss ("Reconsideration Mot.," ECF No. 77);

(4) **DENIES** Plaintiff's Motion to Reject Declaration of Jeannette Litz (ECF No. 78);

(5) **DENIES** Plaintiff's Motion to Compel Subpoena for Declaration of Prison Mail Clerk (ECF No. 79); and

(6) **DENIES AS MOOT** Plaintiff's Motion to Expedite Consideration and Enter Order Deciding Pending Post-Judgment Motions (ECF No. 82).

The Clerk of the Court **SHALL FILE** under seal Plaintiff's Motion to Substitute Exhibit to Motion for Extension of Time to File Notice of Appeal (ECF No. 73) and the exhibit attached thereto. The case remains closed.

**IT IS SO ORDERED.**

Dated: June 25, 2026

Hon. Janis L. Sammartino
United States District Judge

22-CV-1039 JLS (MMP)